*623
 
 OVERTON, J.
 

 Plaintiff alleges that it sold to defendant merchandise amounting to $9,722.42, upon which there is due it, after allowing for all payments made, a balance of $2,125.36, with legal interest thereon from May 23, 1920, until paid. The defense to this demand is that plaintiff delivered to defendant goods amounting to only $9,597.06, instead of $9,722.42, as alleged by plaintiff, and that defendant, from time to time, remitted to plaintiff amounts aggregating $7,597.06, as admitted by the latter in its petition, and that, in addition to credit for these remittances, defendant is entitled to a credit of $2,000, which, when allowed, will leave nothing due plaintiff.
 

 The court below found that plaintiff sold and delivered to defendant the amount of merchandise that plaintiff claimed to have sold and delivered, but that defendant was entitled to the additional credit of $2,000 claimed by it, and therefore rendered judgment in favor of plaintiff for $125.36, with legal interest thereon.
 

 Defendant does not complain of the judgment rendered, but plaintiff does, and asks that the credit of $2,000 allowed defendant be rejected, and that judgment be rendered in its favor for the full balance sued for by it.
 

 Prom the foregoing it appears that the contention in this court is as to whether defendant is entitled to the credit of $2,000, claimed by it. Defendant contends that it. is entitled to this credit pursuant to a verbal arrangement, consented to by plaintiff, by which the latter was to allow defendant a credit, of $2,000, or pay that amount to it, as distributors of plaintiff’s yeast, upon defendant’s es-> tablishing and equipping an agency in New Orleans for the distribution of that, article. This contention presents two questions of fact, but none of law. One of these questions is whether the promise to pay the $2,000 was made by Julius Kessler, the president of plaintiff, personally, or on behalf of the corporation, and the remaining question .is whether the payment of the amount was conditioned upon defendant’s expending an amount approximating $10,000 or $12,000 to equip themselves to distribute the yeast.
 

 As to the first question, while expressions were used, especially in some of the correspondence had between the parties, which if taken alone, and interpreted strictly, would indicate that Kessler, personally, was to pay the amount, yet we think that the evidence, as a whole, shows that the payment was to have been made by plaintiff. No reason appears why Kessler should have bound himself personally to make the payment. What he did was to act for plaintiff. As t.o the second question, while the evidence is conflicting, yet we think that it shows that the payment was to have been made upon defendant’s undertaking to establish and equip the agency here, and upon its expending $5,000 in establishing and equipping it. We think that the evidence shows that defendant expended an amount exceeding that sum to accomplish these things, and that it otherwise complied with its agreement.
 

 For these reasons the judgment appealed • from is affirmed.